R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*John Keatley*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN KEATLEY,<br><br>        Plaintiff,<br><br>v.<br><br>CONTENT IQ LLC,<br><br>        Defendant. | Case No.: |

### COMPLAINT AND JURY DEMAND

Plaintiff John Keatley, ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint against defendant Content IQ LLC ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual working as a professional photographer with a principal place of business at 5123 SW Admiral Way, Seattle, Washington, 98116.

4. Upon information and belief, Defendant is a domestic limited liability company organized under the laws of New York with a principal place of business at 135 Madison Avenue, 12th Floor, New York, New York, 10016.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation copyright infringement which causes harm in this state and judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.  Plaintiff's Business**

1. Plaintiff is a professional photographer who licenses his works for professional applications including editorial, advertising, corporate and non-profit use. His work has appeared in magazines, brochures, billboards, TV and extensively on the internet. Plaintiff has been awarded over his career with accolades such as an Honorable Mention at the 21st Annual Photographic Exhibition in 2014, American Photography awards in years 2014, 2015, 2016 and 2017. Plaintiff has been invited to photograph famous icons and celebrities over his career, the likes of which include Anthony Hopkins, Annie Leibovitz, Sarah Palin and Macklemore, among

others.

2. Plaintiff's intellectual property is important to his livelihood.

3. Plaintiff is the sole creator of the photographic image referenced as Ugly_Christmas_Sweaters (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.

4. On June 4, 2015, Plaintiff obtained a registration with the United States Copyright Office for the image Ugly_Christmas_Sweaters, registration number VA-1-970-412.

5. Attached hereto as Exhibit B is a copy of the certificate for Registration No. VA-1-970-412 obtained from the United States Copyright Office.

6. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

7. The Copyrighted Work included such copyright management information in the metadata of the photograph.

**B.    Defendant's Unlawful Activities**

8. Upon information and belief, Defendant owns and operates a number of websites, including the website found at URLs http://boredomtherapy.com, where it publishes short articles and catchy photographic images to lure internet users so that it may profit from advertising revenue that grows as its viewership grows.

9. Plaintiff has discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at the websites located at the following URLs (the "Infringing Websites"):

- http://boredomtherapy.com/wp-content/uploads/2015/12/94f1cb0b39a1593606a32cf3847b9ca5.jpg
- https://images.boredomfiles.com/wp-content/uploads/2015/12/94f1cb0b39a1593606a32cf3847b9ca5.jpg
- http://boredomtherapy.com/awkward-holiday-cards/

10. Screenshots from the Infringing Websites are attached hereto as Exhibit C.

11. Upon information and belief, each of the Infringing Websites are owned and operated by the Defendant.

12. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, derivation and public display of the Copyrighted Work at the Infringing Websites.

13. Defendant's infringing conduct is knowing and willful and in reckless disregard of the lawful rights afforded Plaintiff under the Copyright Act.

## **FIRST CLAIM FOR RELIEF**
## **(Direct Copyright Infringement)**

14. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

15. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

16. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyright in the Copyrighted Work to bring suit.

17. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to Defendant's use of the Copyrighted Work at the Infringing Websites.

18. By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Registered Copyrighted Work.

19. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant profited at the expense of Plaintiff.

20. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Registered Copyrighted Work without paying license fees, in an amount to be proven at trial.

21. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Registered Copyrighted Work, which amounts will be proven at trial.

22. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

23. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

24. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**

25. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

26. As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

27. By its actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

28. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Individual Defendant profited at the expense of Plaintiff.

29. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyright in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

30. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

31. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

33. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

34. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

35. As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

36. As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

37. Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and benefitted from that direct infringement.

38. As a direct and proximate result of the Individual Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from the Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

39. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

40.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

41.     Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

42.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.      A declaration that Defendant infringed, either directly or indirectly, Plaintiff's copyright in the Copyrighted Work under the Copyright Act;

2.      A declaration that such infringement is willful;

3.      An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyrighted Work;

4.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5.      Awarding Plaintiff its costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity;

8. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

9. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

10. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 31, 2019

Respectfully submitted,

By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*John Keatley*